# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY N. YOUNG and BARRY J. DAVIS, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSUNION CORP., *et al.*,<br><br>Defendants. | Case No.  13-cv-01473-BAS(KSC)<br><br>**ORDER GRANTING MOTION OF DEFENDANTS TRANS UNION LLC, TRANSUNION CORP. AND TRANSUNION HOLDING COMPANY, INC., EQUIFAX INFORMATION SERVICES LLC, EQUIFAX INC., SUNTRUST MORTGAGE, INC., AND SUNTRUST MORTGAGE, INC. TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION**<br><br>(ECF  No. 33) |

On June 25, 2013, Plaintiff Jeffrey N. Young ("Young") commenced this putative class action under the Fair Credit Reporting Act.  On November 12, 2013, Defendants TransUnion Corp., TransUnion Holding Company, Inc., Equifax, Inc., Equifax Information Services LLC, SunTrust Mortgage Inc., and SunTrust Banks, Inc. moved pursuant to 28 U.S.C. § 1404(a) for an order dismissing Young's complaint for improper venue or, in the alternative, transferring the case to the Northern District of Georgia, Atlanta Division.  (ECF No. 18.)

Shortly, thereafter, on December 2, 2013, Young filed a First Amended Class Action Complaint ("FAC") against Defendants TransUnion Corp., TransUnion LLC, and TransUnion Holding Company, Inc., (the "TransUnion Defendants"); Equifax, Inc. and Equifax Information Services LLC (the "Equifax Defendants"); SunTrust Mortgage Inc. and SunTrust Banks, Inc. (the "Sun Trust Defendants"), and OneWest Bank, FSB (collectively, "Defendants"), adding Barry J. Davis ("Davis") as a plaintiff and adding a cause of action under the California Consumer Credit Reporting Agencies Act. (ECF No. 23.)

On March 11, 2014, the TransUnion Defendants, Equifax Defendants, and Sun Trust Defendants filed another motion to transfer venue to the Northern District of Georgia, Atlanta Division. (ECF No. 33.) Defendant OneWest Bank FSB submitted a declaration stating it does not oppose the transfer. (ECF No. 37.)

A hearing was held on the motion on May 18, 2015. For the reasons set forth below, the Court **GRANTS** Defendants' motion to transfer venue to the Northern District of Georgia, Atlanta Division.

I. BACKGROUND

On June 25, 2013, Young commenced this action against all Defendants with the exception of TransUnion LLC and OneWest Bank FSB. (ECF No. 1 ("Complaint").) The Complaint alleges Young is a resident of Florida. (*Id.* at ¶ 14.) It further alleges that Defendants TransUnion Corp. and TransUnion Holding Company, Inc. are Delaware corporations with their principal place of business in Chicago, Illinois (*id.* at ¶¶ 16, 21); the Equifax Defendants are Georgia corporations with their principal place of business in Atlanta, Georgia (*id.* at ¶¶ 26, 30); and the Sun Trust Defendants are Virginia corporations with their principal place of business in Richmond, Virginia (*id.* at ¶¶ 37, 43).[1]

---

[1] In Defendants' motion, they claim this last allegation is, in fact, incorrect and that Sun Trust Banks Inc. is actually a Georgia corporation with its principal place of business in Atlanta, Georgia. (ECF No. 33-4 at ¶ 3.)

The Complaint alleges that Young obtained a mortgage loan from the Sun Trust Defendants in Palm Beach County, Florida. (*Id.* at ¶ 48.) The mortgage was to purchase a home located in Palm Beach, Florida. (*Id.*) The Complaint further alleges that, despite accomplishing a short sale of this real property, the Sun Trust Defendants erroneously reported to the three major credit bureaus that a foreclosure proceeding had been commenced and/or completed. (*Id.* at ¶¶ 50, 55.) According to the Complaint, Defendants TransUnion Corp. and TransUnion Holding Company, Inc. and the Equifax Defendants did not provide creditors like the Sun Trust Defendants with a code for describing a short sale; therefore, Defendants TransUnion Corp. and TransUnion Holding Company, Inc. and the Equifax Defendants reported on Plaintiff's credit report that Young had gone into foreclosure when, in fact, a short sale had been accomplished. (*Id.* at ¶¶ 56, 59.) None of the activity described in the Complaint happened in California. The Complaint alleges a class action on behalf of the following:

> All individuals in the United States for whom TransUnion, at any time since June 24, 2008, reported alleged foreclosure information in a credit report, "consumer disclosure," "file disclosure," and/or "consumer report," even though a foreclosure proceeding had not been filed against the individual in a court of law.

(*Id.* at ¶ 89.)

On November 12, 2013, all Defendants with the exception of TransUnion LLC and OneWest Bank FSB filed a motion to transfer venue to the Northern District of Georgia, Atlanta Division. (ECF No. 18.) On December 2, 2013, the FAC was filed adding Davis as a plaintiff, OneWest Bank FSB and TransUnion LLC as defendants, and a cause of action under the California Consumer Credit Reporting Agencies Act.

The FAC alleges the TransUnion Defendants are all Delaware corporations with their principal place of business in Chicago, Illinois (FAC at ¶¶ 17, 22, 27); the Equifax Defendants are Georgia corporations with their principal place of business

in Atlanta, Georgia (*id*. at ¶¶ 34, 38); and the Sun Trust Defendants are Virginia corporations with their principal place of business in Richmond, Virginia (*id*. at ¶¶ 47, 53). The FAC further alleges Davis is a resident of Orange County, California (*Id*. at ¶ 16) and that OneWest Bank FSB is a California corporation with its principal place of business in Pasadena, California (*id*. at ¶ 59).

The FAC's allegations with respect to Young remain the same as in the Complaint. (*Id*. at ¶¶ 64-75.) The FAC alleges that Davis completed a short sale on his property in which OneWest Bank FSB was the lender. (*Id*. at ¶¶ 104-105.) The FAC does not allege where Davis' property was located or where he entered into the mortgage. According to the FAC:

> Although the credit reports he has obtained from TransUnion [and] Equifax . . . do not explicitly describe his short sale as a "foreclosure," the status of the short sale was unclearly and/or inaccurately described by TransUnion and Equifax. Moreover, it is plausible that TransUnion and/or Equifax erroneously classified the short sale as a foreclosure.

(*Id*. at ¶107.) Again, the FAC alleges a class action on behalf of the following:

> All individuals in the United States who made a file disclosure request and for whom Equifax, at any time since June 24, 2008, reported alleged foreclosure information in the file disclosure, even though a foreclosure proceeding had not been filed against the individual in a court of law; or alternatively misstated the current status of the debt, calling it past due, when in fact it was not owed.

(*Id*. at ¶ 124.)

The TransUnion Defendants, Equifax Defendants, and Sun Trust Defendants thereafter filed a motion to transfer venue to the Northern District of Georgia (ECF No. 33), and a declaration was submitted by One West Bank FSB stating it has no objection to the transfer of this action to the Northern District of Georgia. (ECF No. 37 at 6, ¶ 4.)

On May 15, 2014, Plaintiffs filed a Notice of Related Case, alleging that this

case was related to *Shaw v. Experian Information Solutions, Inc.*, Case No. 13-cv-01295 (S.D. Cal.) ("*Shaw* matter"), also filed in the Southern District of California, and proposing that this case be transferred in keeping with the low number transfer rule. (ECF No. 43.) The First Amended Complaint in the *Shaw* matter was filed on August 19, 2013 by John T. Shaw, Kenneth Coke, and Raymond Rydman against Experian Information Solutions, Inc., Wells Fargo Bank, NA, and CitiMortgage, Inc. alleging violations of the Fair Credit Reporting Act. (*Id*. at 5.) The First Amended Complaint alleges a class action on behalf four different classes of consumers in the United States concerning their experiences with Experian. (*Id*. at 6-7.) Since the case involved completely different parties, the request for low number transfer was declined.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The purpose of this section is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations and citation omitted). A motion for transfer lies within the broad discretion of the district court and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000); *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1155 (N.D. Cal. 2009).

In order to support the requested transfer, the moving party must establish that (1) venue is proper in the original district, (2) the transferee district is one where the action might have been brought, and (3) the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice. *Vu*, 602 F. Supp. 2d at 1155-56. Factors a district court may consider in deciding

whether a transfer will serve the convenience of the parties and witnesses and promote the interests of justice include: (1) the plaintiff's choice of forum; (2) the convenience of parties; (3) the convenience of witnesses; (4) the ease of access to evidence; (5) the familiarity of each forum with the applicable law; (6) the feasibility of consolidation of the claims; (7) the local interest in the controversy; and (8) the relative court congestion and time of trial in each forum. *Id.* at 1156.

## III. DISCUSSION

### A. Venue

A civil action may be brought in any of the following:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  For the purposes of the venue statute, entity defendants are "deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."  28 U.S.C. § 1391(c)(2).  The venue statute further specifies that in states like California and Georgia with multiple judicial districts, if a corporation is subject to personal jurisdiction in that state, the corporation is "deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d).

Here, after the filing of the FAC, the parties no longer dispute that venue is

proper in the Southern District of California.  However, Plaintiffs dispute whether the case might have been brought in the Northern District of Georgia.  There is some disagreement among the parties as to whether the Northern District of Georgia has personal jurisdiction over defendant OneWest Bank FSB.  Plaintiffs argue there is no agent for service of process and the web site lists only California branch locations.  Defendants argue that OneWest Bank FSB has been sued in the Northern District of Georgia in numerous reported decisions and the issue of personal jurisdiction never appears to have been raised.  However, this Court need not resolve this dispute since OneWest Bank FSB specifically consents to jurisdiction and has submitted a declaration expressing its non-opposition to transfer of this case to the Northern District of Georgia.  (ECF No. 37.)  Thus, the Court will turn to consideration of the factors listed above to determine whether a transfer will serve the convenience of the parties and witnesses and promote the interests of justice.

### B.   Convenience and Interest of Justice

In this case, presumably the putative class members reside and entered into short sales throughout the United States.  However, it is significant that none of the named plaintiffs, nor any Defendants, reside in, are incorporated in, or have their principal place of business in the Southern District of California.  None of the events that are alleged with respect to the named plaintiffs are alleged to have occurred in the Southern District of California.  In fact, there are no apparent ties between the FAC and the Southern District of California whatsoever.

In fact, a review of the relevant factors supports Defendants' request to transfer the case to the Northern District of Georgia.  Although the Southern District of California was Plaintiffs' choice of venue, since neither named plaintiff lives in this district[2] and currently no class members are identified from this district,

---

[2] The FAC alleges Davis resides in Orange County, California.  Orange County, however, is within the Central District of California.  28 U.S.C. § 84(c)(3).

this factor does not necessarily defeat transfer. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("[W]hen an individual . . . represents a class, the named plaintiff's choice of forum is given less weight."); *Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1214 (S.D. Cal. 2013) ("[I]n class actions, a plaintiff's choice of forum is often accorded less weight."); *Vu*, 602 F.Supp.2d at 1156 ("Where a plaintiff does not reside in the forum, the Court may afford plaintiff's choice considerably less weight."). In judging the weight to be accorded a plaintiff's choice of forum, consideration must be given to the extent of both the plaintiff's and the defendant's contacts with the forum, including those relating to the plaintiff's cause of action. *Lou*, 834 F. 2d at 739; *Galliani v. Citimortgage, Inc.*, No. 12-cv-00411-KJM-KJN, 2013 WL 101411, at *3 (E.D. Cal. Jan. 7, 2013) ("Where the forum lacks any significant contact with the activities alleged in the complaint, plaintiff's choice of forum is given considerably less weight. . . .").

Here, three of the named defendants are Georgia corporations with their principal place of business in Atlanta, Georgia. The other defendants support the transfer to Atlanta. One of the two named plaintiffs resides in Florida and all transactions in his case originated out of Florida, certainly a closer forum to Georgia than California. Defendants list several corporate witnesses who reside in and would find it more convenient to appear for a case in the Northern District of Georgia, and submit declarations stating that the majority of the relevant documents in this case are located in Atlanta, Georgia or in nearby states. (*See* ECF No. 33-4 (stating all witnesses who could testify on behalf of SunTrust Banks, Inc. are located in Georgia and all documents are physically stored in Atlanta, Georgia or electronically stored in Atlanta, Georgia and/or Durham, North Carolina); ECF No. 33-5 (stating Equifax Information Services, LLC is headquartered and maintains its consumer center and consumer reporting database in Atlanta, Georgia and all documents and data associated with Plaintiffs' case are located in Atlanta, Georgia), ECF No. 33-6 (stating Equifax, Inc.'s principal place of business is in Atlanta,

Georgia, and, as a holding company, they did not receive, assemble, prepare, or receive any credit information on Plaintiffs).[3]  In short, this case has no particular local contacts or interest.[4]  Moreover, when the criminal and civil dockets for the Southern District of California are compared to that of the Northern District of Georgia, the relative court congestion militates in favor of transfer.[5]

Plaintiffs argue that the case was filed in the Southern District of California

---

[3] *See also* ECF No. 33-2 (stating all TransUnion LLC employees who would testify regarding the compiling and storing of Plaintiffs' credit information or assembly of Plaintiffs' credit files are located in either Chicago, Illinois or Crum Lynne, Pennsylvania); ECF No. 33-3 (stating the employees of SunTrust Mortgage involved in the origination or servicing of Young's loan, and all documents relating to his loan, are located in Richmond, Virginia or the State of Florida, and all electronic records are stored in Atlanta, Georgia, North Carolina, or Virginia).

[4] *See e.g.*, ECF No. 33-2 (stating TransUnion Holding Company, Inc. and TransUnion Corp. do not conduct business in California and do not have any employees or property in California, and TransUnion LLC does not maintain relevant documents in California or have employees in California with relevant knowledge); ECF No. 33-3 (stating SunTrust Mortgage, Inc., which was not involved in plaintiff Davis' loan, would not have been involved in Young's loan origination and servicing or investigation of any credit disputes and is unaware of any documents or potential witnesses in California); ECF No. 33-4 (stating SunTrust Banks, Inc. does not have employees or offices or maintain documents in California); ECF No. 33-5 (stating Equifax Information Services, LLC does not have employees in California with relevant knowledge and no relevant documents were created, received, executed, or are currently maintained in California); ECF No. 33-6 (stating Equifax Inc. does not have any offices or employees in California).

[5] According to the caseload statistics on the U.S. Courts website for 2014, the number of civil cases filed and/or pending in the Northern District of Georgia is greater than the number of civil cases filed and/or pending in the Southern District of California.  However, the number of criminal cases in the Southern District of California far outweighs the number of criminal cases in the Northern District of Georgia, making the overall case load heavier in the Southern District of California.  As Defendants note in their moving papers, this heavy criminal case load makes the length of time for a civil case to be heard in the Southern District of California far exceed the length of time for a civil case to be heard in the Northern District of Georgia.  (*See* http://www.uscourts.gov/Statistics/JudicialBusiness/2014.aspx.)

1  because under the first-to-file rule, there was a likelihood the case would be
2  transferred to the forum of the alleged related case, the *Shaw* matter, which had
3  been filed in the Southern District of California. The "first-to-file" rule allows a
4  district court to stay, transfer, or dismiss a later-filed action when a similar
5  complaint has already been filed in another federal court. *See Alltrade, Inc. v.*
6  *Uniweld Prods., Inc.*, 946 F. 2d 622, 623 (9th Cir. 1991). The rule "may be
7  invoked when a complaint involving the same parties and issues has already been
8  filed in another district." *Id*. at 625 (citation and internal quotations omitted). The
9  actions need not be identical, but the parties must be "substantially similar."
10 *Gardner v. GC Services, LP*, No. 10-cv-997-IEG(CAB), 2010 WL 2721271, at *4
11 (S.D. Cal. July 6, 2010). In the context of a class action, "'the classes, and not the
12 class representatives, are compared.'" *Id*. (quoting *Adoma v. Univ. of Phoenix, Inc.*,
13 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010)). However, "if the issues and parties
14 involved in the two suits [a]re not the same, adherence to the first-to-file rule *would*
15 be reversible error for it would constitute a misapplication of the law." *Alltrade,*
16 *Inc.*, 946 F. 2d at 628, n. 13. "The most basic aspect of the first-to-file rule is that it
17 is discretionary." *Id*.
18      The *Shaw* matter, which Plaintiff argues is subject to the first-to-file rule, has
19 completely different parties. None of the plaintiffs or the defendants are the same.
20 The putative classes are also completely different. In the *Shaw* matter, the putative
21 class involves individuals who were reported by Experian to have had a foreclosure
22 when they had a short sale. In this case, the putative class involved individuals who
23 were reported by TransUnion or Equifax to have had foreclosure when they had a
24 short sale. The first-to-file rule is simply inapplicable to these two cases. Cases are
25 not transferred simply because they have similar legal issues. Therefore, Plaintiffs'
26 justification for filing in the Southern District of California, a venue that otherwise
27 has no connection with any of the events or the parties in the case, must fail.
28 ///

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** the motion to transfer venue filed by the TransUnion Defendants, Equifax Defendants, and Sun Trust Defendants (ECF No. 33) and finds that for the convenience of the parties and witnesses and in the interests of justice that it is appropriate to transfer this case to the Northern District of Georgia, Atlanta Division.

**IT IS SO ORDERED.**

DATED: May 19, 2015

Hon. Cynthia Bashant
United States District Judge