IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEFFERY N. YOUNG and BARRY J. DAVIS, *on behalf of themselves and all others similarly situated*, | |
| Plaintiffs, | CIVIL ACTION FILE |
| v. | 1:15-cv-1802-MHC-GGB |
| TRANSUNION CORP., TRANSUNION HOLDING COMPANY, INC., EQUIFAX INFORMATION SERVICES LLC, EQUIFAX INC, SUNTRUST MORTGAGE INC., SUNTRUST BANKS, INC., TRANSUNION L.L.C., and ONEWEST BANK FSB, | |
| Defendants. | |

## NON-FINAL REPORT AND RECOMMENDATION

This action is a purported class action suit[1] under the Fair Credit Reporting

Act ("FCRA") and California's Consumer Credit Reporting Agencies Act

("CCRAA") against the following Defendants: TransUnion Corp.; TransUnion

Holding Co., Inc.; TransUnion L.L.C. (collectively "the TransUnion Defendants");

Equifax Information Services LLC; Equifax Inc (collectively "the Equifax

Defendants); SunTrust Mortgage Inc.; SunTrust Banks, Inc. (collectively "the

---

[1] Plaintiffs have not yet moved for class certification.

SunTrust Defendants"); and OneWest Bank FSB. OneWest Bank FSB has settled the claims against it. (Doc. 111).[2] This action is before the Court on the remaining Defendants' motions to dismiss. For the reasons discussed in this report, I **RECOMMEND** that the SunTrust Defendants' motion to dismiss, (Doc. 34, as modified by Doc. 103), be **DENIED**; and that the TransUnion and Equifax Defendants' joint motion to dismiss, (Doc. 104), be **GRANTED IN PART** and **DENIED IN PART**. Specifically, Plaintiffs' 15 U.S.C. § 1681e(b) claim should be allowed to go forward, but their other claims against those Defendants (under 15 U.S.C. § 1681g(a) and the CCRAA) should be dismissed.

## I.    Procedural History

In June 2013, the plaintiffs initially filed their complaint in the Southern District of California. (Doc. 1). The plaintiffs filed an amended complaint in December 2013. (Doc. 23). The amended complaint contained the following claims:[3] Count One, against TransUnion and Equifax Defendants (collectively "the consumer reporting agencies" or "CRAs") under 15 U.S.C. § 1681e(b) for failure to

---

[2] Accordingly, I **RECOMMEND** that OneWest Bank FSB's motion to dismiss, (Doc. 105), and motion to sever, (Doc. 106), be **DENIED AS MOOT**.

[3] In specifying the pertinent Defendants for each claim, I have taken into account OneWest Bank FSB's settlement, and the fact that Plaintiffs have conceded that it did not intend to allege a CCRAA claim against SunTrust.

2

maintain reasonable procedures; Count Two, against the TransUnion and Equifax Defendants under 15 U.S.C. § 1681g(a) for failing to clearly and accurately report the information in Plaintiffs' credit reports; Count Three, against the SunTrust Defendants under 15 U.S.C. § 1681s-2(b) alleging a failure to investigate and correct misreported credit information; and Count Four against the TransUnion and Equifax Defendants under the CCRAA.  (Doc. 23).[4]

All parties except the Equifax Defendants moved to dismiss the complaint for failure to state a claim in the California district court.  (Docs. 34, 35, 60).  The Equifax Defendants moved to transfer the venue of the suit to this Court.  (Doc. 33). In May 2015, the Southern District of California granted the motion to transfer venue to this Court.  (Doc. 83).  Prompted by this Court's order, the Defendants each filed or refiled a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  (Docs. 102-05).

---

[4] The pertinent allegations are discussed in the appropriate portions of the discussion section of the report.

3

## II.   Discussion

### A.   Motion to dismiss standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  The complaint need not contain "detailed factual allegations," but it must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Twombly, 550 U.S. at 555, 127 S.Ct. at 1964 (quotation omitted).  Something  "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required.  Id. at 555, 127 S.Ct. at 1964-65.

### B.   Plaintiffs have adequately pleaded factual allegations that the TransUnion and Equifax Defendants plausibly failed to maintain reasonable procedures to ensure the accuracy of the information in their credit reports, 15 U.S.C. § 1681e

The TransUnion and Equifax Defendants jointly argue that Count I of the complaint fails to state a claim because the Plaintiffs did not allege that the communication of inaccurate information in a credit report resulted from any specific unreasonable procedure of the Defendants.  (Doc. 104-1 at 11-12).  They argue that, even assuming that the reported information was inaccurate, they were

entitled to rely on the apparently reputable information received from the furnishing banks.  (Id. at 12-17).

Plaintiffs respond that, for motion to dismiss purposes, they only needed to allege facts from which the Court could infer that the Defendants failed to follow reasonable procedures.  (Doc. 113 at 18).  They also assert that, to the extent they are able to pre-discovery, they have alleged a failure to follow reasonable procedures, including that Defendants do not provide furnishers with a code for "short sale."  (Id. at 18-19).  They also argue that a check of public records would have confirmed or denied the furnishing banks' assertions of foreclosure sales. (Id. at 19).  Lastly, they argue that the consumer reporting agencies were not entitled to merely rely on the banks' representations, as the rule that allows such reliance as a defense has been followed only in the Seventh Circuit, and is not binding law in this Circuit.  (Id. at 19-22).

The CRA Defendants reply that the Plaintiffs have failed to plead that they were ever subject to an inaccurate credit report.  (Doc. 121 at 6-9).  They also argue that Plaintiffs have failed to allege any specific unreasonable procedure that would have led to any inaccuracy.  (Id. at 9-12).

Under § 1681e(b), a consumer may sue a CRA if it wilfully or negligently fails to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. §§ 1681e(b), 1681o, 1681n. The two main elements of a § 1681e(b) claim are that (1) a CRA prepared a report containing inaccurate information, and (2) the inaccurate report was the result of the reporting agency not following reasonable procedures to assure accuracy. See Cahlin v. Gen. Motors Acceptance Corp., 936 F.2d 1151, 1156 (11th Cir. 1991).

"In the overwhelming majority of cases" the question of what constitutes "reasonable procedure" will be decided by a jury, not as a matter of law. Cahlin, 936 F.2d at 1156. The Seventh Circuit has held that there are procedures that are reasonable as a matter of law, such as relying on the accuracy of public court documents. See Henson v. CSC Credit Servs., 29 F.3d 280, 285-86 (7th Cir. 1994). The Seventh Circuit has also held a company's procedures to be reasonable as a matter of law where the CRA relied on information from a source that it believed to be reputable without any indication that the source was not reputable. Sarver v. Experian Info. Solutions, 390 F.3d 969, 972 (7th Cir. 2004). Sarver, however, was

6

decided at the summary judgment stage, after the Defendant "provided an account of its procedures."  Id.

I find that the Plaintiffs have stated a plausible claim under § 1681e(b) against the consumer reporting agencies.  Contrary to those Defendants' arguments, Plaintiffs have alleged an inaccuracy in their credit reports.  Young specifically alleges that the consumer reporting agencies reported that his home had gone into foreclosure when it had not.  (Doc. 23 ¶ 75).  Davis alleges that the agencies reported his account as presently 120 days past due after he had completed a short sale on his home.  (Id. ¶ 107-09).

Plaintiffs' complaint also makes a plausible allegation that the TransUnion and Equifax Defendants did not follow reasonable procedures to ensure accuracy. They have alleged that the furnisher banks (SunTrust and OneWest FSB, respectively) reported inaccurate information to the reporting agencies, and that the reporting agencies, in turn, placed that inaccurate information in their credit reports. (See Doc. 23 ¶¶ 71-75).  They also allege that the apparent nature of the inaccuracy suggests that the reporting agencies did not follow a proper procedure in verifying the information.  (Id. ¶ 100).  I find that these allegations, taken together, put the CRA Defendants adequately on notice of a plausible theory of liability under

7

§ 1681e(b), and a more specific allegation of unreasonable procedures is not necessary at this stage of the litigation.

The CRA Defendants argue that under Sarver, the type of procedure that Plaintiffs allege as problematic here was, as a matter of law, reasonable. (Doc. 121 10-12). Sarver, of course, is not binding precedent in this Court, and the Eleventh Circuit has not apparently endorsed or rejected Sarver's holding. It seems obvious that there exists a class of information or evidence upon which a reporting agency, without more information, could rely. Further, it very well may be that, ultimately, CRA Defendants' reliance on the furnishing banks' proffered information in this case constituted a reasonable procedure. But, the Plaintiffs allege that the information provided by the furnishers here, at least at the outset, (that their homes were in foreclosure) was easily verified as false; that there was a generally known problem of false reports of short sales as foreclosures; and that errors in the Plaintiffs' cases persisted after specific notice of errors was given. Plaintiffs, to be successful on this claim, will have to prove that unreasonable procedures were in place. However, at this stage, I do not find that, as a matter of law, Plaintiffs have failed to allege a plausible claim against the CRA Defendants, even accepting

8

<u>Sarver</u>'s broader rationale that a reporting agency's reliance on apparently reliable information can, itself, be reasonable.

### C. The Plaintiffs have failed to state a claim under 15 U.S.C. § 1681g against the TransUnion and Equifax Defendants for failure to make a complete and accurate disclosure of the Plaintiffs' credit report

The TransUnion and Equifax Defendants next jointly argue that the Plaintiffs have failed to allege a § 1681g(a) claim.  (Doc. 104-1 at 8-11).  They assert that § 1681g(a) requires that a CRA provide a consumer with a clear and accurate disclosure of the consumer's file, but does not require that the contents have to be accurate.  (<u>Id.</u> at 8-9).  They argue such an interpretation makes sense, because a complete and clear disclosure of the contents of the file allows a consumer to dispute whether the contents are accurate.  (<u>Id.</u> at 9).

Plaintiffs characterize the CRA Defendants' argument as "unfounded" and "stunning."  (Doc. 113 at 12-13).  They argue that § 1681g requires that all of the information in a disclosure must be accurate and must be presented to the consumer in a clear manner, or the reporting agency faces liability.  (<u>Id.</u> at 12-14).

A plain reading of the statute, the context of the statutory scheme, and pertinent case law all suggest that the CRA Defendants' reading of § 1681g is correct.  Nothing in Plaintiffs' brief supports a contention that § 1681g requires a

9

reporting agency to face liability for clearly and accurately disclosing its file because the content included is incorrect.

The statute, titled "Disclosure to consumers," requires that a CRA shall, upon request, "clearly and accurately disclose to the consumer . . . All information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a). A plain reading of the statute suggests that § 1681g requires what it says—that the contents of a consumer's file be clearly and accurately disclosed to him. Comparing § 1681g's language with that of § 1681e, which states that a reporting agency "shall follow reasonable procedures to assure maximum accuracy *of* the information concerning the individual about whom the report relates," 15 U.S.C. § 1681e(b) (emphasis added), further suggests that § 1681g does not place a requirement on the accuracy of the underlying information contained in a consumer's file.

The fact that a different section of the FCRA—§ 1681e—places some burden on consumer reporting agencies to ensure the accuracy of the information in a consumer file undermines an argument that § 1681g requires the same. Under Plaintiffs' reading of § 1681g (given that liability only exists for willful or negligent noncompliance, 15 U.S.C. §§ n and *o*), § 1681e would have little meaning. It makes more sense, therefore, to read § 1681g as placing a duty on the reporting agency to

10

give a clear and accurate picture of the file, because § 1681e already places a duty on it to ensure the contents of the file are accurate.  See Jarecki v. G.D. Searle & Co., 367 U.S. 303, 307-08, 81 S.Ct. 1579, 1582, 6 L.Ed.2d 859 (1961) (explaining that where a "statute admits a reasonable construction which gives effect to all of its provisions" the Court should not "adopt a strained reading which renders one part a mere redundancy," or, in other words, "If there is a big hole in the fence for the big cat, need there be a small hole for the small one?").

Plaintiffs cite to a number of cases purporting to stand for the proposition that "accurate" means that the contents of the report must be accurate.  (Doc. 113 at 14-15).  Most of those cases are interpreting other statutes within the FCRA.  It is true that the Court should assume that "identical words used in different parts of the same act are intended to have the same meaning."  Sorenson v. Sec'y of Treas. of U.S., 475 U.S. 851, 860, 106 S.Ct. 1600, 1606, 89 L.Ed.2d 855 (1986).  However, the issue here is not the meaning of the word "accurate," but rather its scope, specifically in § 1681g.  As discussed above, the fact that other parts of the FCRA require accuracy in content actually serves to undermine, not support, Plaintiffs' reading of § 1681g.

11

The remainder of cases cited by Plaintiff stand for the proposition that an unclear disclosure violates § 1681g even if the disclosure is technically accurate. These cases do not suggest that § 1681g requires CRAs to do more than accurately and clearly report the information that they possess. They do not address the accuracy or clarity of the underlying information. Plaintiff prominently relies upon Larson v. Trans Union, LLC, No. 12-cv-5726, 2014 WL 1477705 (N.D. Cal. Apr. 14, 2014). In that case, the court found that § 1681g was applicable because Trans Union's disclosure misled plaintiff "concerning the information that Trans Union was reporting about him" and left him "confused as to whether he had a right to dispute the information." Larson at *3. Section 1681g was pertinent, therefore, not because Trans Union had reported inaccurate information that plaintiff wanted to dispute, but rather because Trans Union had failed to accurately and clearly disclose to plaintiff the contents of his file, leaving him unsure of if there was anything to dispute.

In light of the above, I find that, while the FCRA certainly places some duty on consumer reporting agencies to ensure that its information is accurate, that duty does not arise under § 1681g. Plaintiffs' complaint contains no allegation that any

12

Defendant gave them an inaccurate or unclear picture of the information in their file.  Therefore, Plaintiffs have failed to state a claim under § 1681g.

> **D.   The plaintiffs have adequately stated a claim against the SunTrust Defendants under 15 U.S.C. § 1681s-2**

SunTrust argues that Young[5] failed to allege that any CRA ever notified it of a dispute, and that such notice is an essential element of a § 1681-s2(b) claim. (Doc. 103 at 8-11).  Even if Young alleged notice, the reporting of his mortgage loan as "settled in full for less than owed" cannot be the basis of an FCRA claim because Young agreed to that language and it is a substantially correct description of a short sale.  (Id. at 11-12).  The SunTrust defendants also argue that there were no factual allegations to support the inclusion of SunTrust Banks as a party to the lawsuit.  (Id. at 13).  Young only made the conclusory allegation that the parent company (SunTrust Banks) was equally involved as its subsidiary (SunTrust Mortgage).  (Id. at 13-14).

In response, Young asserts that he alleged that he disputed the inaccurate credit information with the consumer reporting agencies, and further alleged that those agencies were required to inform SunTrust of his dispute.  (Doc. 114 at 9-10).

---

[5] Davis's allegations under Count III concerned only OneWest Bank, and therefore Young is the only remaining Plaintiff under this Count.

13

Those allegations, Young argues, were sufficient to allege that SunTrust received notice. A more specific allegation that the reporting agency notified the furnisher is not required, because Young would not be able to know such facts before discovery. (Id. at 11). He further argues that the "settled in full for less than owed" language did not appear in the credit report until months after he disputed the inaccurate foreclosure reporting. (Id. at 13). Therefore, he argues, he sufficiently alleged post-dispute inaccuracies to permit a claim. (Id. at 13-14). Lastly, Young argues that, at the motion to dismiss stage, he is entitled to have his allegation that SunTrust's corporate parent acted as a joint furnisher be accepted as true. (Id. at 19-22). Young requests, in the alternative, leave to amend his complaint. (Id. at 5).

The Fair Credit Reporting Act places a duty upon furnishers of financial information to consumer reporting agencies to do so accurately. 15 U.S.C. § 1681s-2(a). Consumers do not have an initial right of action against the furnishers for failure to accurately provide information. See 15 U.S.C. § 1681s-2(c). Rather, a consumer must first engage in the FCRA's dispute process, as outlined in 15 U.S.C. § 1681s-2(b). Under that process, after receiving notice pursuant to § 1681i(a)(2), the furnisher must conduct an investigation and correct any incompleteness or inaccuracy in their provided information. 15 U.S.C. § 1681s-2(b). Under

14

§ 1681i(a)(2), a CRA is required to give notice to any furnisher of information disputed by a consumer to the CRA.  A consumer may then sue a furnisher for a negligent or willful violation of the terms of § 1681s-2(b).  15 U.S.C. §§ 1681*o*, 1681n, 1681s-2(c).

The Eleventh Circuit has not addressed in a published opinion the requirements for liability under § 1681s-2(b).  The statutes authorizing civil liability require either "negligen[ce] in failing to comply with any requirement imposed" or "willful[] fail[ure] to comply with any requirement imposed."  15 U.S.C. §§ 1681*o*, 1681n.  The duties imposed on the furnisher under § 1681s-2(b) are, after receiving notice of a dispute: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the reporting agency; (C) report the results of the investigation to the CRA; (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other reporting agencies; and (E) if any information is found to be inaccurate or incomplete, modify, delete, or block the reporting of a piece of information, as appropriate.  15 U.S.C. § 1681s-2(b)(1).

In the complaint, Young alleged that he notified consumer reporting agencies about an error in the reporting of his foreclosure status on several occasions in

January 2012.  (Doc. 23 at 9, 17-18).  He also alleged in the complaint that the reporting agencies were required by law to notify the SunTrust of the dispute.  (Id. at 18).  Those allegations sufficiently put SunTrust on notice of how Young intends to prove the notice element of his claim.

SunTrust does not cite to any case in which, at the motion to dismiss stage, a failure to specifically allege that a CRA notified the furnisher justified a dismissal. SunTrust cites only to two district court cases: Ware v. Bank of Am. Corp., 9 F. Supp. 3d 1329 (N.D. Ga. 2014) and Horton v. HSBC Bank, 1:11-cv-3210-TWT, 2013 WL 2452273, (N.D. Ga. Jun. 5, 2013).  Ware was decided at the summary judgment stage and the notice requirement was not at issue.  9 F. Supp. 3d at 1338. In Horton, the Plaintiff failed to allege that he raised a dispute with a CRA in the first place.  2013 WL at *7.

Young, however, cites to a case in which a Circuit Court rejected SunTrust's argument that dismissal is warranted if the plaintiff fails to specifically allege that the CRA notified the furnisher of the dispute.  See Lang v. TCF Nat'l Bank, 249 F. App'x 464, 466-67 (7th Cir. 2007) (unpublished).  The Court in Lang reasoned both that (1) the plaintiff's allegation that he notified the CRA sufficiently gave defendant fair notice of the claim against it, and (2) the plaintiff may not be able to

16

make such an allegation at the complaint stage because the reporting agency is not required to notify him that it passed his dispute on to the furnisher.  Id.

I find the reasoning of Lang persuasive.  Young specifically alleged when he notified consumer reporting agencies of a dispute concerning credit information provided by SunTrust.  SunTrust, therefore, is sufficiently on notice of the substance of the claim against it.

I also find that Young is correct that, even if, at some point, his credit report stated that his mortgage "settled in full for less than owed," and even if that is an accurate description, Young stated a claim under § 1681s-2.  Young alleges in his complaint that, for some time after his dispute, and, again in May 2013, his credit report inaccurately stated that foreclosure either occurred or was initiated.  (Doc. 23 at 8-11).  He also alleges that SunTrust provided this information to the reporting agencies and has continued to do so after his dispute despite knowing that it is reporting inaccurate information.  (Id. at 11).  That adequately states a claim under the FCRA and puts SunTrust on notice on Young's specific theory of liability.  The fact that SunTrust disputes the accuracy of the reported information at some point during the time period covered by the complaint does not negate Young's

17

allegations, taken as true, that SunTrust violated its duty under the FCRA at other times.

In addition, I find that, at this stage of the litigation, SunTrust Banks is not entitled to be dismissed.  Plaintiffs have alleged that both parent company and subsidiary acted jointly as a "furnisher" and referred to the two entities collectively when alleging specific actions.  (Doc. 23 at 7-8).  Taken as true, therefore, Plaintiffs have alleged that both SunTrust entities are proper Defendants.  Accordingly, while Plaintiff will have to prove sufficient facts during the course of litigation, I find it inappropriate to dismiss the parent company at this stage.

**E.    Plaintiffs are entitled to maintain simultaneous suits under the FCRA and CCRAA, however, they have failed to specifically assert a claim under the CCRAA that is supported by factual allegations in the complaint**[6]

**1.    The Plaintiffs may maintain simultaneous claims under the CCRAA and the FCRA**

The CRA Defendants argue that Plaintiffs cannot maintain simultaneous actions under the FCRA and the CCRAA, under the purported election of remedies clause of Cal. Civ. Code § 1785.34(a).  They argue that the statute "clearly" forbids

---

[6] Plaintiffs assert that they did not intend to bring a CCRAA claim against SunTrust.  As the complaint states that Count IV is alleged against "all Defendants," SunTrust is entitled to dismissal of this claim against them.

AO 72A
(Rev.8/82)

simultaneous suit under federal and state law, and that several district courts in California have so held.  They also acknowledge that at least one district court has held simultaneous suit to be proper, but urge the court not to follow that case because it is not binding.  Of course, none of the California district court cases are binding on this Court, and no Court with binding authority has had occasion to pass on the effect of § 1785.34(a).

In interpreting a provision of state substantive law, this Court must defer to what the highest court of a state has said on the matter, or make a best prediction of what that state court would hold.  Molinos Valle Del Cibao, C. Por A. v. Lama, 633 F.3d 1330, 1347 (11th Cir. 2011).  The California Supreme Court has not interpreted § 1785.34, or the related provision in § 1786.52, which uses identical language.  Therefore, this Court may turn to the intermediate appellate courts for a clue as to what the Supreme Court would hold.  Id.  The only appellate court to directly interpret either provision held that simultaneous suits were permitted, and that the statute only barred the filing of a suit under the state law if a federal suit had already been filed.  Cisneros v. U.D. Registry, Inc., 46 Cal. Rptr. 2d 233, 255 (Cal. Ct. App. 1995).  The two federal district courts to allow simultaneous suits relied on this decision.  Ramirez v. Trans Union LLC, 899 F. Supp. 2d 941, 944-45 (N.D.

AO 72A
(Rev.8/82)

Cal. 2012); <u>Guillen v. Bank of Am. Corp.</u>, No. 5:10-cv-5825, 2011 WL 4071996, *4

(N.D. Cal. Aug 31, 2011).  The two federal district courts to reach the opposite

conclusion did so in a summary fashion.  <u>Drew v. Equifax Info. Servs., LLC</u>, No.

C070726, 2009 WL 595459, *11 (N.D. Cal Mar. 5, 2009); <u>Legge v. Nextel</u>

<u>Commc'ns, Inc.</u>, No. CV 02-8676, 2004 WL 5235587, *12 n.16 (C.D. Cal. Jun. 25,

2004).  I find the former more persuasive, and agree that, based on the California

Court of Appeal's interpretation, § 1685.34 does not preclude Plaintiffs from

alleging a state law claim in this suit.

> **2.     The Plaintiffs adequately put the Defendants on notice of the
> provision of the CCRAA it is suing under, but have failed to
> state a claim under that provision**

I also conclude that Davis has adequately put Defendants on notice of the

claim against them under the CCRAA.  The Trans Union and Equifax Defendants

argue that Plaintiff's complaint fails to specify which provision of the CCRAA he

alleges the Defendants violated.  While it would be preferable for Davis to have

pleaded separate claims for each particular section he is suing under, context makes

his pleading clear.  He cites to four provisions of the CCRAA: (1) the general

legislative findings, Cal. Civ. Code § 1785.1; (2) § 1785.16, which places a duty on

the CRA to reinvestigate its file following a dispute; (3) § 1785.25, which places a

duty on the furnisher of information; and (4) § 1785.31, which outlines the relief available.  Only § 1785.16 could apply as a claim against these Defendants.[7]

Under Count Four of the complaint, Davis's only specific allegation is that TransUnion and Equifax have "failed to adopt reasonable procedures in handling credit information so that it is fair and equitable to the consumer with respect to clarity, accuracy, relevancy, and proper utilization of the information."  (Doc. 23 at 19).  The only portion of § 1785.16 that requires "reasonable procedures" of the reporting agencies requires them only insofar as they are necessary "to prevent the reappearance in a consumer's file and in consumer credit reports of information that has been deleted pursuant to this section."  Cal. Civ. Code § 1785.16(i).  Davis does not allege that any information was deleted and reinserted in his report (and Young is not party to the California state claim).  No other claim under the CCRAA can be gleaned from the face of the Plaintiffs' complaint with adequate specificity.  Accordingly, the CCRAA claim is due to be dismissed.

---

[7] As OneWest Bank has settled, any claim under § 1785.25 is no longer part of the suit.

## III.    Conclusion

In light of the above, I make the following **RECOMMENDATIONS**.  The SunTrust Defendants' motion to dismiss Count Three, (Doc. 34, as amended by Doc. 103), should be **DENIED**.  The TransUnion and Equifax Defendants' joint motion to dismiss should be **GRANTED IN PART and DENIED IN PART**.  The Plaintiffs should be allowed to proceed in their Count One claim under 15 U.S.C. § 1681e(b), but the remaining claims under 15 U.S.C. § 1681g(a) and the CCRAA should be dismissed.  In addition, OneWest Bank's motions to dismiss, (Doc. 105), and to sever, (Doc. 106), should be **DENIED AS MOOT**, as the Plaintiffs have settled with that Defendant.  (Doc. 111).

IT IS SO RECOMMENDED this 14th day of January, 2016.


*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)