IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JEFFREY N. YOUNG and BARRY
J. DAVIS, on behalf of themselves
and all others similarly situated,

     Plaintiffs,

v.

TRANSUNION LLC, TRANSUNION
CORP., TRANSUNION HOLDING
COMPANY, INC., EQUIFAX
INFORMATION SERVICES LLC,
EQUIFAX INC., SUNTRUST
MORTGAGE INC., SUNTRUST
BANKS, INC., and ONEWEST
BANK FSB,

     Defendants.

CIVIL ACTION FILE

NO. 1:15-CV-1802-MHC-JKL

## ORDER

## I.    INTRODUCTION

This purported class action suit under the Fair Credit Reporting Act

("FCRA") and California's Consumer Credit Reporting Agencies Act ("CCRAA")

comes before the Court on the Non-Final Report and Recommendation ("R&R") of

the Magistrate Judge [Doc. 124], recommending that:  (1) SunTrust Mortgage Inc.

and SunTrust Banks, Inc.'s (collectively "the SunTrust Defendants") Motion to

Dismiss Count Three of the First Amended Class Action Complaint [Doc. 34, as amended by Doc. 103] be denied;[1] (2) Trans Union LLC, TransUnion Corp., and TransUnion Holding Co., Inc.'s (collectively "the TransUnion Defendants"), and Equifax Information Services LLC, and Equifax Inc.'s (collectively "the Equifax Defendants") Joint Motion to Dismiss the First Amended Class Action Complaint [Doc. 104] be granted in part and denied in part; and (3) OneWest Bank's Updated Motion to Dismiss First Amended Class Action Complaint[2] [Doc. 105] and Updated Motion to Dismiss or Sever [Doc. 106] be denied as moot.[3]

The Order for Service of the R&R [Doc. 125] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. Within the required time period, the following objections were filed: (1) Plaintiffs' Objections to the Magistrate Judge's R&R ("Pls.' Objs.") [Doc. 130]; (2) the SunTrust Defendants' Objections to the R&R ("SunTrust's Objs.") [Doc. 128]; and (3)

---

[1] The Magistrate Judge also recommended that the SunTrust Defendants are entitled to dismissal of the CCRAA claim against them in Count IV. R&R at 18 n.6.

[2] For the remainder of this Order, reference to "the Complaint" will mean Plaintiffs' First Amended Class Action Complaint [Doc. 23].

[3] Plaintiff Davis has notified the Court of a settlement of his claims against Defendant OneWest Bank FSB and that Plaintiff Young withdraws any claims against OneWest Bank FSB that may have been unintentionally made. [Doc. 111.]

Objections of the TransUnion and Equifax Defendants to the R&R

("TransUnion/Equifax Objs.") [Doc. 129].

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). If there are no specific objections to factual findings made by the Magistrate Judge, there is no requirement that those findings be reviewed *de novo*. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1)(C), and "need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation. FED. R. CIV. P. 72, advisory committee note, 1983 Addition, Subdivision (b). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of

those portions of the R&R to which Plaintiff objects and has reviewed the

remainder of the R&R for plain error.  See United States v. Slay, 714 F.2d 1093,

1095 (11th Cir. 1983).

## II.   **PLAINTIFF'S OBJECTIONS**

The R&R recommends that the TransUnion and Equifax Defendants'

(collectively "the consumer reporting agencies" or "CRAs") motion to dismiss the

portion of the Complaint which raises claims under 15 U.S.C. § 1681g(a) of the

FCRA (Count Two) and the CCRAA (Count Four) be granted.  R&R at 9-13.

Plaintiffs raise two objections to that portion of the R&R.

First, Plaintiffs assert that the Magistrate Judge "erred by recommending

dismissal of the [§] 1681g(a) claims even though it is plausible that TransUnion

and Equifax provided Plaintiffs with an unclear or misleading disclosure of their

credit files" and because "the consumer file disclosures contained inaccurate

information."  Pls.' Objs. at 2-9, 14-16.  Count Two of the Complaint alleges that

the CRAs "willfully violated 15 U.S.C. § 1681g(a), throughout the entire course of

their actions, by willfully failing, upon request, to disclose clearly and accurately

the information in the reports concerning mortgage loans that culminated in short

sales."  Compl. ¶ 147.  15 U.S.C. § 1681g(a) requires, in pertinent part, that

"[e]very consumer reporting agency shall, upon request, . . . clearly and accurately

4

disclose to the consumer: (1) All information in the consumer's file at the time of the request," subject to certain statutory exceptions not applicable to the issues before this Court.

The R&R recommends dismissal of the § 1681g(a) claim because that specific section does not impose liability on a CRA for clearly and accurately disclosing the consumer's file to the consumer, even if the content of the information contained in that file is inaccurate. R&R at 9-12. The R&R notes that another section of the FCRA, 15 U.S.C. § 1681e(b), requires that, whenever a CRA prepares a consumer report, "it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."[4]

---

[4] The Eleventh Circuit has acknowledged there are "differing interpretations of what constitutes an 'accurate' credit report" under 15 U.S.C. § 1681e(b): the "technically accurate" approach, "where a credit agency satisfies its duty if it produces a report containing factually correct information about a consumer that might nonetheless be misleading or incomplete in some respect," and the "maximum possible accuracy" approach, "where a credit reporting agency is unable to prevail on summary judgment if the agency reported factually correct information that could also be interpreted as being misleading or incomplete." Ray v. Equifax Info. Servs., LLC, 327 F. App'x 819, 826 n.3 (11th Cir. 2009) (internal punctuation and citations omitted). It should be noted that although there are differing interpretations of what is considered "accurate" for purposes of 15 U.S.C. § 1681e(b), for purposes of § 1681g(a), the issue is not one of "accuracy" of the content but "completeness" and "accuracy" of the disclosure. See, e.g., Nunnally v. Equifax Info. Servs., LLC, 451 F.3d 768, 774 (11th Cir. 2006).

The fact that a different section of the FCRA – § 1681e – places some burden on consumer reporting agencies to ensure the accuracy of the information in a consumer file undermines an argument that § 1681g requires the same.  Under Plaintiffs' reading of § 1681g (given that liability only exists for willful or negligent noncompliance, 15 U.S.C. §§ n and *o*), § 1681e would have little meaning.  It makes more sense, therefore, to read § 1681g as placing a duty on the reporting agency to give a clear and accurate picture of the file, because § 1681e already places a duty on it to ensure the contents of the file are accurate.

\*\*\*

[W]hile the FCRA certainly places some duty on consumer reporting agencies to ensure that its information is accurate, that duty does not arise under § 1681g.  Plaintiffs' complaint contains no allegation that any Defendant gave them an inaccurate or unclear picture of the information in their file.  Therefore, Plaintiffs have failed to state a claim under § 1681g.

R&R at 10-13 (citations omitted).

In their objections to the R&R, Plaintiffs assert that the Magistrate Judge overlooked their argument that they not only complained that the contents of the consumer file disclosures were inaccurate, but also that "their presentation/formatting, overall, was unclear or inaccurate, in violation of Section 1681g(a)." Pls.' Objs. at 4.  For example, Plaintiffs state that the credit reports disclosed by the CPAs "appear to describe the mortgage loan balances as past due even though the short sale constituted settlements of the debt." Id. at 3.  Plaintiffs cite Larson v. Trans Union, LLC, No. 12-cv-5726-WHO, 2014 WL 1477705 (N.D.

Cal. Apr. 14, 2014), for support of their position that it was error for the Magistrate

Judge to recommend dismissal of their § 1681g(a) claim.

A review of Larson reveals that it is inapposite to the case before this Court.

In Larson, a consumer requested a copy of his file from Trans Union, and the

disclosure included the statement that "the name that appears on your Trans Union

credit file is considered a potential match to information listed on the United States

Department of Treasury's Office of Foreign Asset Control ('OFAC') Database,"

followed by: "The OFAC record that is considered a potential match to the name

on your credit file is: [blank space]." Larson, 2014 WL 1477705, at *1. The court

concluded that Larson sufficiently pled that Trans Union's disclosure was

misleading and inaccurate because the disclosure stated that Larson's name was

considered a potential match to the OFAC database and "then failed to provide any

potential match." Id. at *3. In other words, the court found that Larson had raised

a claim under § 1681g(a) because Trans Union did not accurately disclose "all

information" in the consumer's file. See also Miller v. Trans Union LLC, No.

3:12-CV-1715, 2013 WL 5442059, at *3-4 (M.D. Pa. 2013) (holding that the CRA

failed to clearly disclose under § 1681g whether there was a potential match

between the consumer and the OFAC database). In this case, the claim is not that

the CRAs failed to disclose all information in Plaintiffs' file, but that the

7

information they possessed, and then disclosed, was inaccurate in content.[5] <u>Larson</u>
does not stand for the proposition that § 1681g(a) creates a separate claim under
these circumstances, and no Eleventh Circuit case provides for a § 1681g(a) claim
based upon inaccuracy of the contents of the disclosed file, when the disclosure is a
complete and accurate account of what is contained in the consumer's file.

> Upon request and identification, the reporting agency is required to
> divulge the information in its files concerning the interested
> consumer. 15 U.S.C. § 1681g. If a consumer reasonably disputes the
> completeness or accuracy of the information contained in his or her
> file, the consumer may communicate this disagreement to the
> reporting agency thereby invoking the agency's statutory duty to
> investigate. 15 U.S.C. § 1681i. If such an investigation fails to
> resolve the dispute, the consumer may file a statement contesting the
> information which is incorporated into the consumer's file. <u>Id.</u> In
> addition to the aforementioned safeguard, the Act protects the
> consumer generally by requiring that obsolete information not be
> included in consumer reports, § 1681c, that reporting agencies follow
> reasonable procedures intended to assure the maximum possible
> accuracy of the information contained in reports, § 1681e, and that the
> confidentiality of the information be maintained by limiting the
> parties with access to reports to those with a legitimate interest in
> obtaining the information. § 1681b. Finally, to assure enforcement,
> the Act provides for both penal and civil remedies, including
> attorney's fees, for various forms of noncompliance. §§ 1681n,
> 1681p, 1681q.

---

[5] Plaintiffs cite to TransUnion's description of a home loan as "Account 120 Days
Past Due" to support their argument that the disclosure was not clear or accurate
because the short sale resulted in settlement of the debt. Pls.' Objs. at 3-4.
However, unlike <u>Larson,</u> the actual disclosure here was a clear and accurate
indication of all the information in the consumer's file, notwithstanding the fact
that the content of the file may not have accurately reflected the status of the home
loan.

Hovater v. Equifax, Inc., 823 F.2d 413, 417 (11th Cir. 1987).

Plaintiffs cite a number of cases that do not in fact support a potential claim under § 1681g(a) for the disclosure of inaccurate information as long as the disclosure is an accurate and complete account of the contents of the consumer's file.  See Saunders v. Branch Banking & Trust Co., 526 F.3d 142, 148-50 (4th Cir. 2008) (affirming jury verdict that the CRA breached its obligations under § 1681s-2(b)(1) by failing to report the consumer's dispute over the recorded information concerning a loan debt); Dalton v. Capital Associated Indus., Inc., 257 F.3d 409, 415-17 (4th Cir. 2001) (vacating summary judgment on consumer claim under § 1681e(b) when there was a disputed issue as to whether the CRA followed reasonable procedures to assure accuracy of information); Koropoulos v. Credit Bureau, Inc., 734 F.2d 37, 40-42 (D.C. Cir. 1984) (same); Schweitzer v. Equifax Info. Sols. LLC, 441 F. App'x 896, 902 (3d Cir. 2011) (same).  In Gillespie v. Equifax Info. Servs., L.L.C., 484 F.3d 938 (7th Cir. 2007), the court reversed a grant of summary judgment in favor of the CRA based upon the consumer's claim that the CRA did not provide a clear disclosure under § 1681g(a), because the phrase "date of last activity" did not clearly disclose whether the CRA kept the consumer's delinquent accounts in his credit file past the seven and one-half year limitation of § 1681c(c)(1).  Id. at 942.

Contrary to the cases cited by Plaintiffs, the notation in the consumer's file in this case that the account was 120 days past due clearly reflected the information in the file and provided sufficient information for the consumer to challenge the report.[6] See Spector v. Equifax Info. Servs., 338 F. Supp. 2d 378, 386 (D. Conn. 2004) ("The purpose of 15 U.S.C. § 1681g(a)'s disclosure requirement is to provide the consumer with an opportunity to dispute the accuracy of information in his file.") (quoting Hauser v. Equifax, Inc., 602 F.2d 811, 817 (8th Cir. 1979)).

Second, Plaintiffs contend that, in the event their § 1681g(a) claim is dismissed, they should be granted leave to amend. Pls.' Objs. at 12-14. Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "There must be a substantial reason to deny a motion to amend." Laurie v. Ala. Court of Crim. App., 256 F. 3d 1266, 1274 (11th Cir. 2001). "Substantial reasons justifying a denial" include "futility of amendment." Id. (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

---

[6] This Court has reviewed Exhibits A and B to Plaintiffs' Objections [Docs. 130-1 and 130-2], which Plaintiffs contend reveal that the consumer file disclosures were unclear. Pls. Objs. at 9-12. The Court finds that the disclosures clearly and accurately reveal that TransUnion's file contains information that the mortgage account was "120 days past due." Again, this may constitute a violation of § 1681e(b), but it does not support a claim under § 1681g.

The Court finds that allowing Plaintiffs to amend their § 1681g(a) claim would be futile.  Plaintiffs have attempted to characterize the CRA's disclosures as unclear and inaccurate for purposes of § 1681g(a) but, as stated previously, there is no such claim that has been or can be presented in this case because the disclosures were a clear and accurate reflection of the information at hand.

Accordingly, Plaintiffs' Objections to the R&R are **OVERRULED**.

## III.   THE SUNTRUST DEFENDANTS' OBJECTIONS

### A.   The Magistrate Judge Clearly Indicated That the SunTrust Defendants Are Entitled to Dismissal of Count IV Against Them.

The SunTrust Defendants first object that the Magistrate Judge failed to recommend dismissal of Count IV against them.  SunTrust Objs. at 5-6.  Because Plaintiffs indicated in their response to SunTrust's Motion to Dismiss [Doc. 114] that Plaintiff Davis never raised any CCRAA claims against SunTrust, and Plaintiff Young never intended to assert any CCRAA claims against SunTrust, the Magistrate Judge clearly stated that, "[a]s the complaint states that Count IV is alleged against "all Defendants," SunTrust is entitled to dismissal of this claim against them."  R&R at 18 n.6.  The fact that the Magistrate Judge did not repeat this in the "Conclusion" section of the R&R does not take away from the original recommendation in the body of the R&R.  Accordingly, SunTrust's objection is **OVERRULED AS MOOT**.

11

B.   Plaintiffs Have Alleged Sufficient Facts to Support a Claim Against SunTrust Banks as a "Furnisher" as Defined by the FCRA.

The SunTrust Defendants object that the Complaint does not allege facts sufficient to support a claim against Defendant SunTrust Banks, Inc. as a "furnisher" under the FCRA.  SunTrust Objs. at 8-10.  In the Complaint, Plaintiffs allege that "SunTrust Mortgage, Inc. and SunTrust Banks are a unified business enterprise, jointly act as a 'furnisher' as defined by the FCRA, and are referred to herein collectively as 'SunTrust.'"[7]  Compl. ¶ 56.  The Complaint further alleges, with respect to Plaintiff Young, that:  (1) Young obtained a mortgage loan from SunTrust in 2007 for the purchase of his homestead property; (2) By letter dated September 13, 2011, SunTrust thereafter accepted a short sale offer for the property; (3) SunTrust represented that the mortgage loan would be reported to the CRAs as "settled in full for amount less than owed;" (4) SunTrust never commenced a foreclosure proceeding on the property; and (5) SunTrust erroneously reported to the CRAs that a foreclosure proceeding had been commenced and/or completed, notwithstanding that the short sale had been effected under the approval of SunTrust.  Id. ¶¶ 64-71.  In her R&R, the Magistrate Judge stated as follows:

---

[7] "Furnisher" is defined as "an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report."  12 C.F.R. § 222.41(c).

> I find that, at this stage of the litigation, SunTrust Banks is not entitled to be dismissed. Plaintiffs have alleged that both parent company and subsidiary acted jointly as a "furnisher" and referred to the two entities collectively when alleging specific actions. Taken as true, therefore, Plaintiffs have alleged that both SunTrust entities are proper Defendants. Accordingly, while Plaintiff will have to prove sufficient facts during the course of litigation, I find it inappropriate to dismiss the parent company at this stage.

R&R at 18.

In their objections, the SunTrust Defendants state that the allegations in the Complaint are "cleverly" structured to make it appear that both SunTrust Mortgage and SunTrust Banks were "furnishers" of the loan under the FCRA but that such allegations are "implausible." SunTrust Objs. at 8-9. The SunTrust Defendants reference a September 13, 2011, letter sent to Plaintiff Young from SunTrust Mortgage confirming acceptance of the short sale offer and the manner in which the settlement will be reported to the CRAs as proof that SunTrust Banks is an improper defendant. See Letter from Jean Muller to Jeffery Young [Doc. 103-1] attached as Ex. 1 to the SunTrust Defendants' Updated Mem. In Supp. of Previously Filed Mot. to Dismiss.

Although the letter referenced by the SunTrust Defendants only mentions SunTrust Mortgage, Plaintiffs have alleged that both SunTrust Bank and SunTrust Mortgage were "furnishers" under the FCRA and, as furnishers, made erroneous representations and reports to the CRAs. At the motion to dismiss stage, this Court

13

must accept those facts as true and cannot conclude they are "implausible" by

virtue of the exhibit attached to one of the SunTrust's Defendants' responses that

disputes a portion of Plaintiffs' allegations. It may very well be the case that

Plaintiffs will be unable to offer evidence sufficient to create a disputed issue of

fact as to the culpability of SunTrust Banks in this case. However, at this stage of

the litigation, Plaintiffs have alleged sufficient facts to defeat a motion to dismiss

SunTrust Banks as an improper party. Consequently, the SunTrust Defendants'

objection is **OVERRULED**.

C.   The Magistrate Judge Erred by Failing to Conclude That Plaintiffs
Have Not Alleged Sufficient Facts to Support a Claim Against the
SunTrust Defendants Under 15 U.S.C. § 1681s-2(b).

15 U.S.C. § 1681s-2(b) provides for certain duties of furnishers of

information "*[a]fter receiving notice* pursuant to section 1681i(a)(2) of this title of

a dispute with regard to the completeness or accuracy of any information provided

by a person to a consumer reporting agency. . . ." 15 U.S.C. § 1681s-2(b)(1)

(emphasis added). The Complaint in this case alleges that: (1) the SunTrust

Defendants "were furnishers that provided derogatory and false credit information

to the CRAs about the short sales pertaining to Plaintiffs," (2) Plaintiffs "notified

the CRAs of their disputes of the false and/or inaccurate information" provide by

the SunTrust Defendants, and (3) "Plaintiffs complained to the CRAs, who by law

14

were required to report that complaint" to the SunTrust Defendants. Compl. ¶¶ 153-55. Plaintiffs did not specifically allege that the SunTrust Defendants "received notice" of the credit dispute form the CRAs.

In the R&R, the Magistrate Judge concluded that the allegations that Plaintiff Young notified the CRAs about the error in reporting and that the CRAs "were required by law" to notify the SunTrust Defendants "sufficiently put SunTrust on notice of how Young intends to prove the notice element of his claim." R&R at 15-16. The SunTrust Defendants assert that this is error because Plaintiffs were required to allege that SunTrust actually received notice of the dispute. SunTrust Objs. at 10-13. This Court agrees.

"The FCRA does provide a private right of action for a violation of § 1681s-2(b), but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency." Green v. RBS Nat'l Bank, 288 F. App'x 641, 642 (11th Cir. 2008) (citing 15 U.S.C. § 1681s-2(b)); see also Nawab v. Unifund CCR Partners, 553 F. App'x 856, 861 (11th Cir. 2013) ("The provision provides a private right of action but only where the furnisher received notice of the consumer's dispute from a consumer reporting agency."); Peart v. Shippie, 345 F. App'x 384, 386 (11th Cir. 2009) ("The FCRA also requires furnishers of credit information to investigate the accuracy of said information upon receiving notice

of a dispute.").  District courts in this circuit frequently have held that where a
complaint fails to allege that the furnisher actually received notice from the
consumer reporting agency, the plaintiff has failed to plead an essential element of
a claim under § 1681s-2(b).  See Bush v. J.P. Morgan Chase Bank, N.A., No. 2:15-
cv-769-JEO, 2016 WL 324993, at *5 (N.D. Ala. Jan. 27, 2016) (dismissing FCRA
complaint where the plaintiff "alleges that *he* informed [the defendant] and the
national credit bureaus that he disputed [the defendant's] alleged inaccurate
reporting, but he does not allege or offer any facts to suggest that *the credit
bureaus* then notified [the defendant] about the dispute.") (emphasis in original,
docket reference omitted); Salvatore v. Nationstar Mortg., LLC, No. 8:15-cv-1390-
T-24AEP, 2015 WL 5970707, at *3 (M.D. Fla. Oct. 13, 2015) (granting motion to
dismiss where "[b]ecause Plaintiff fails to allege that Defendant received notice of
a dispute from a consumer reporting agency, as required by § 1681s–2(b), his
claim fails as a matter of law."); Shenkman v. Ocwen Loan Servicing, LLC, No.
CV 214-66, 2014 WL 5791060, at * 3 (S.D. Ga. Nov. 6, 2014) (dismissing a claim
under § 1681s-2(b) where the plaintiff failed to sufficiently plead notice, because
"[a] furnisher of information . . . is only liable for a failure to investigate and
respond after receiving notice of a consumer dispute *from a CRA,* not from the
consumer.") (emphasis in original); compare Pinckney v. SLM Fin. Corp., 433 F.

Supp. 2d 1316, 1319 (N.D. Ga. 2005) (denying motion to dismiss where, "[i]n the Complaint, Plaintiff clearly and unambiguously alleges that Defendants, after properly receiving notice of the dispute from the credit reporting agencies, failed to uphold the duties enumerated in 15 U.S.C. § 1681s-2(b)").[8]

However, courts also have held that plaintiffs who fail to allege facts that support the furnisher's receipt of notice of the consumer's dispute from the CRA should be provided an opportunity to amend their complaint to provide a basis for their § 1681s–2(b) claim. Muldrow v. Capital One Servs., LLC, No. 4:15cv207-MW/CAS, 2015 WL 9897754, at *3 (N.D. Fla. Dec. 17, 2015); Davis v. Warner, No. CV414-258, 2015 WL 1000896, at *1 (S.D. Ga. Mar. 4, 2015); Green v. Capital One Bank (USA), N.A., No. 8-14-cv-1950-T-30MAP, 2015 WL 419300, at *2 (M.D. Fla. Feb. 2, 2015). Consequently, this Court's **SUSTAINS** the SunTrust Defendants' objection to the R&R's finding that Plaintiffs stated a claim under 15 U.S.C. § 1681s-2(b) by sufficiently alleging that SunTrust received notice of the dispute from the CRAs. The Court will provide Plaintiff Young fourteen (14) days

---

[8] Given the number of cases in this Circuit clearly delineating the requirement under § 1681s-2(b)(1) that the plaintiff must allege that the furnisher received notice directly from the CRAs, this Court does not find Lang v. TCF Nat'l Bank, 249 F. App'x 464, 466-67 (7th Cir. 2007), relied upon by the Magistrate Judge, to be persuasive.

from the date of this Order to amend his Complaint to present a basis for his claim under § 1681s-2(b)(1) against the SunTrust Defendants.

It should be noted that the SunTrust Defendants also contend that because the short sale was accurately reported as "settled in full for amount less than owed," and Plaintiff Young agreed to that manner of reporting, Plaintiffs also have failed to state a claim under § 1681s-2(b). SunTrust's Objs. at 13-15. The Complaint in fact alleges that "On September 13, 2011, SunTrust wrote to Plaintiff Young that it has accepted a short sale offer" and that "the mortgage loan will be reported to the appropriate credit reporting agencies as 'Settled in Full for Amount Less Than Owed.'" Compl. ¶ 65. Plaintiff Young also alleged that SunTrust reported to the CRAs in error that a foreclosure proceeding had been commenced or completed despite the fact that Young wrote letters to the CRAs and SunTrust about the inaccuracy. Id. ¶¶ 71, 82-87. Once again, the problem is that Plaintiffs did not allege that SunTrust failed to fulfill its duties under § 1681s-2(b)(1) *after* receiving notice from one or more of the CRAs. As stated above, although the Court sustains the SunTrust's Defendants' objection, it will provide Plaintiffs an opportunity to amend the Complaint to properly allege a claim under § 1681s-2(b).

## IV.   THE TRANSUNION/EQUIFAX DEFENDANTS' OBJECTIONS

### A.   The Magistrate Judge Did Not Err By Concluding Plaintiffs Stated a Claim for Relief Against the TransUnion/Equifax Defendants Pursuant to 15 U.S.C. § 1681e.

"Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b); see also Cahlin v. Gen. Motors Acceptance Corp., 936 F.2d 1151, 1156 (11th Cir. 1991) ("In order to make out a prima facie violation of [§ 1681e(b)], the Act implicitly requires that a consumer must present evidence tending to show that a credit reporting agency prepared a report containing 'inaccurate' information.") (citation omitted).  "The adequacy of the consumer reporting agency's procedures is judged according to what a reasonably prudent person would do under the circumstances" and "reasonableness is usually a question for the jury." Jordan v. Trans Union LLC, No. 1:05-CV-305-GET, 2006 WL 1663324, at *5 (N.D. Ga. June 12, 2006) (citations omitted); see also Cahlin, 936 F.2d at 1156 ("The agency can escape liability if it establishes that an inaccurate report was generated by following reasonable procedures, which will be a jury question in the overwhelming majority of cases.") (internal citation omitted).

Plaintiffs allege that "TransUnion and Equifax erroneously reported that Plaintiff Young and numerous other consumers' homes and/or residences had gone into foreclosure when, in fact, short sales had been accomplished." Compl. ¶ 75; see also ¶¶ 77-78. Plaintiffs also allege that Young repeatedly contacted the CRAs in an effort to correct the inaccuracy. Id. ¶¶ 79-85. Plaintiffs further plead that the CRAs placed and continue to place inaccurate information on Young's and others' credit reports and that they "are not following reasonable procedures to assure the maximum possible accuracy of their credit reports." Id. ¶¶ 100, 114; see also ¶¶ 88-95, 142. With respect to Plaintiff Davis, the complaint alleges that he had problems obtaining credit because the CRAs reported his mortgage as "over 120 days past due" although it was resolved by a short sale. Id. ¶¶ 106-110. Plaintiffs plead damages as the result of the alleged acts and omissions of the CRAs. Id. ¶¶ 103, 116. The Magistrate Judge concluded that Plaintiffs have sufficiently alleged the elements of a § 1681e(b) claim and that the question of what constitutes a reasonable procedure should not be determined in a motion to dismiss. R&R at 4-9.

The TransUnion/Equifax Defendants first contend that the R&R erred by concluding that Plaintiffs had alleged a material inaccuracy in Young's and Davis' report because these accounts were ultimately resolved by a short sale and there

was nothing inherently inaccurate by the CRAs' earlier reporting of a foreclosure

or an account that was past due. TransUnion/Equifax Objs. at 5-8. The problem

with this argument is the Complaint alleges that the CRAs reported that Young's,

Davis', and other class members' homes went into foreclosure or had past due

accounts *after* the short sales actually were accomplished, that the CRAs knew that

the information reported was not accurate, and that the CRAs failed to follow

reasonable procedures to ensure the maximum possible accuracy of the

information concerning the short sales. The CRAs ultimately may be able to show

that the reports they published were accurate or that they followed reasonable

procedures to assure the maximum possible accuracy of those published reports.[9]

However, at this stage of the litigation, the allegations contained in Plaintiffs'

complaint state a claim for relief under § 1681e(b). See Lazarre v. JPMorgan

Chase Bank, N.A., 780 F. Supp. 2d 1330, 1335-36 (S.D. Fla. 2011) ("To state a

claim for a violation of FCRA section 1681e(b), a plaintiff must allege: (1) the

CRA published an inaccurate consumer report to a third party; (2) in publishing is

consumer report, the CRA failed to follow reasonable procedures to assure the

---

[9] This includes the CRAs' contention that Young expressly agreed to the eventual description of his mortgage loan as "settled in full for less than owed." TranUnion/Equifax Objs. at 6-7. Again, this may be a relevant argument on summary judgment or at trial, but it does not negate that Plaintiffs have adequately pleaded a claim under § 1681e(b).

21

maximum possible accuracy of the consumer report; and (3) the plaintiff suffered actual damages as a result of the CRA's failure to follow reasonable procedures.").

Second, the CRAs object to the Magistrate Judge's finding that Plaintiffs have adequately pleaded that the CRAs employed inadequate procedures which resulted in the alleged inaccurate reporting. TransUnion/Equifax Objs. at 8-11. The CRAs rely on Hawkins v. S2Verify LLC, No. C 15-03502 WHA, 2016 WL 107197, at *2 (N.D. Cal. Jan. 11, 2016), where, in denying a motion to dismiss filed by the CRA, the court noted that the complaint "describes defendant's insufficient procedures in detail." The CRAs present no case from within this circuit that would show that Plaintiffs' allegations that the CRAs failed to maintain reasonable procedures in this case are insufficient as a matter of law.[10]

The TransUnion/Equifax Defendants ignore that cases within this Circuit uniformly hold that, for the most part, questions of the reasonableness of the procedures employed by the CRAs to ensure accuracy normally are the province of the jury (once it is determined that the reports were inaccurate).

---

[10] Farmer v. Phillips Agency, Inc., 285 F.R.D. 688 (N.D. Ga. 2012), cited by the CRAs, merely states the widely-accepted opinion that the consumer must offer evidence to show that the CRA prepared a report containing inaccurate information before the CRA must establish that its procedures were reasonable. Id. at 698. It does not provide that a plaintiff must allege which procedures were specifically unreasonable and, in fact, reiterates the generally-accepted opinion in this circuit that the determination of reasonableness should be left to the jury. Id. at 698 n.16.

22

> There appears to be a circuit split on the question of who bears the burden of proof on the issue of whether a CRA followed reasonable procedures. . . . Indeed, one court has observed that the standard in the Eleventh Circuit is open to some interpretation. . . . On the other hand, broadly construing the Eleventh Circuit's approach, once a plaintiff demonstrates inaccuracies in a credit report, the burden shifts to [the CRA] to prove as an affirmative defense the presence of reasonable procedures.  That is, on a motion for summary judgment on a § 1681e(b) claim, a [CRA] can  usually prevail only if a court finds, as a matter of law, that a [] report was accurate.  However, where a plaintiff's report is undisputedly incorrect, whether a [CRA] has in place reasonable procedures to report information and detect disparities is a question for the jury, not the court.

Smith v. E-Backgroundchecks.com, Inc., 81 F. Supp. 3d 1342, 1357-58 (N.D. Ga. 2015) (internal punctuation and citations omitted); see also Jackson v. Equifax Information Servs., LLC, 167 F. App'x 144, 146 (11th Cir. 2006) ("An agency can escape liability [under § 1681e(b)] if it establishes that an inaccurate report was generated following reasonable procedures, which is generally a jury question.) (citation omitted).  In this case, Plaintiffs have sufficiently stated a claim under § 1681e(b) by specific allegations of the inaccuracy of reports which would not have been issued had the CRAs maintained reasonable procedures to assure the accuracy of those reports.

     B.     <u>The Magistrate Judge Did Not Err By Failing to Recommend That the TransUnion/Equifax Defendants's Motion To Dismiss Should Be Granted Because They Were Entitled To Rely on Reports Received By the Furnishers of Data.</u>

Finally,[11] the CRAs take exception to the Magistrate Judge's decision not to follow cases from outside this circuit that might allow this Court to find at this stage of the litigation that the CRAs are not liable for inaccurate reporting because they relied upon information received from a reputable source (the lenders). TransUnion/Equifax Objs. at 11-13. In the R&R, the Magistrate Judge considered and rejected the TransUnion/Equifax Defendants' argument:

> In the overwhelming majority of cases, the question of what constituted "reasonable procedure" will be decided by a jury, not as a matter of law. The Seventh Circuit has held that there are procedures that are reasonable as a matter of law, such a relying on the accuracy of public documents. The Seventh Circuit has also held a company's procedures to be reasonable as a matter of law where the CRA relied on information from a source that it believed to be reputable without any indication that the source was not reputable. Sarver v. Experian Info. Solutions, 390 F.3d 969, 972 (7th Cir. 2004). Sarver, however, was decided at the summary judgment stage, after the Defendant "provided an account of its procedures." Id.

> \*\*\*

> Sarver, of course, is not binding precedent in this Court, and the Eleventh Circuit has not apparently endorsed or rejected Sarver's holding. . . . Plaintiffs, to be successful on this claim, will have to prove the unreasonable procedures were in place. However, at this stage, I do not find that, as a matter of law, Plaintiffs have failed to

---

[11] In the event that Plaintiffs objected to the recommendation in the R&R that the CCRAA claim be dismissed, the TransUnion/Equifax Defendants also raise an objection to the Magistrate Judge's finding that Plaintiffs could pursue relief concurrently under both the FCRA and the CCRAA. TransUnion/Equifax Objs. at 13-16. Because Plaintiffs did not object to that recommendation, and this Court finds that there is no clear error in that recommendation, the TransUnion/Equifax Defendants' objection is **OVERRULED AS MOOT**.

> allege a proper claim against the CRA Defendants, even accepting
> Sarver's broader rationale that a reporting agency's influence can,
> itself, be reasonable.

R&R at 6-9 (internal punctuation and citations omitted).

This Court concurs with the Magistrate Judge's recommendation. At this stage of the litigation, Plaintiffs have sufficiently alleged the failure to follow reasonable procedures to defeat the motion to dismiss. Again, it may well be that Plaintiffs cannot produce enough facts to survive a motion for summary judgment, but the Magistrate Judge's recommendation that the case move forward beyond the motion to dismiss is supported by the existing record.

## V.   **CONCLUSION**

Accordingly, having considered all of the objections of Plaintiffs [Doc. 130], the SunTrust Defendants [Doc. 128] and the TransUnion/Equifax Defendants [Doc. 129], it is hereby **ORDERED** as follows:

(1)   Plaintiff' Objections [Doc. 130] are **OVERRULED**.

(2)   The SunTrust Defendants' Objections are **SUSTAINED IN PART and OVERRULED IN PART** as follows:

(a)   The Objection as to whether the R&R recommended dismissal of Count IV against them is **OVERRULED AS MOOT**;

(b)   The Objection as to whether The SunTrust Bank is a proper

party defendant is **OVERRULED**; and

(c)   The Objection as to whether Plaintiffs have stated a claim under

15 U.S.C. § 1681s-2(b) are **SUSTAINED**.

(3)   The TransUnion/Equifax Objections are **OVERRULED**.

It is further **ORDERED** that, with the exception of the portion of the

Magistrate Judge's Non-Final Report and Recommendation [Doc. 124] that

recommends denying the SunTrust Defendant's motion to dismiss based on

Plaintiffs' failure to state a claim under 15 U.S.C. § 1681s-2(b), which this Court

**DECLINES TO ADOPT**, the Court **ADOPTS** the R&R as the Opinion and Order

of this Court.

It is further **ORDERED** that the SunTrust Defendants' Motion to Dismiss

Count Three [Doc. 34, as amended by Doc. 103] is **GRANTED** and Count III of

Plaintiff's First Amended Class Action Complaint is **DISMISSED WITHOUT**

**PREJUDICE**.  It is further **ORDERED** that Count IV of the First Amended Class

Action Complaint is **DISMISSED** as against the SunTrust Defendants.   It is

further **ORDERED** that Plaintiffs shall have fourteen (14) days from the date of

this Order to amend their First Amended Class Action Complaint to state a claim

for relief under 15 U.S.C. § 1681s-2(b).  If Plaintiffs fail to amend their complaint

26

as directed by this Order, Plaintiffs' claim for relief under 15 U.S.C. § 1681s-2(b) shall be dismissed with prejudice.

It is further **ORDERED** that the TransUnion and Equifax Defendants' joint Motion to Dismiss [Doc. 104] is **GRANTED IN PART and DENIED IN PART** as follows:  Plaintiffs shall be allowed to proceed in their Count One claims under 15 U.S.C. § 1681e(b), but the remaining claims under 15 U.S.C. § 1681g(a) and the CCRAA shall be **DISMISSED**.

It is further **ORDERED** that Defendant OneWest Bank's Motion to Dismiss [Doc. 105] and Motion to Sever [Doc. 106] are **DENIED AS MOOT** because of Plaintiffs' settlement with that Defendant.

The Clerk is **DIRECTED** to re-submit this matter to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED** this 9th day of March, 2016.

MARK H. COHEN
United States District Judge

27